**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALEJANDRO RODRIGUEZ-RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0202-CVE-PJC |
| | ) | |
| JANE STANDIFIRD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 7). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2004-74. See Dkt. # 1. The record reflects that on August 24, 2004, the state district judge found Petitioner guilty after accepting his blind plea of *nolo contendere* to Use of a Motor Vehicle to Facilitate Discharge of a Weapon. See Dkt. # 6, Ex. 1 He was sentenced that day to ten (10) years imprisonment. Id. Petitioner did not file a motion to withdraw his plea and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 6, Ex. 1.

On July 28, 2005, Petitioner filed a Motion for Judicial Review. Id. On August 19, 2005, the state district court denied the motion. See Dkt. # 6, Ex. 1.

On December 15, 2005, Petitioner filed an application for post-conviction relief. Id. The state district court denied the application by order filed February 13, 2006. See id. Petitioner appealed to the OCCA, and by order filed June 5, 2006, in Case No. PC-2006-257, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 6, Ex. 2.

On July 5, 2006, Petitioner filed a request for extraordinary relief at the Oklahoma Supreme Court. See Dkt. # 6, Ex. 3. That request for relief was denied for lack of jurisdiction on September 18, 2006. Id.

Petitioner commenced this habeas corpus action on April 2, 2010. See Dkt. # 1. In ground one of his petition, Petitioner asserts that his attorney provided ineffective assistance of counsel in advising him to enter a blind plea to the crime charged. In ground two, he alleges that he was not informed of the applicability of the "85% Rule"[1] to the sentence he received. See Dkt. # 1. In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 5 and 6.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his *nolo contendere* plea in Case No. CF-2004-74, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on September 3, 2004. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of *nolo contendere* within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his conviction began to run on September 3, 2004. Absent a tolling event, a federal petition for writ

of habeas corpus filed after September 6, 2005, would be untimely.[2] See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until April 2, 2010. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Petitioner also claims that he did not know about the applicability of the 85% Rule "until he was remanded to DOC custody, placed at the CCF facility, and began receiving time sheets." See Dkt. # 7. To the extent Petitioner claims that his one-year period is governed by 28 U.S.C. § 2244(d)(1)(D), the Court finds the petition remains untimely. Respondent has provided a copy of Petitioner's "Adjustment Review" form, completed upon his reception at the Cimarron Correctional Facility. See Dkt. # 6, Ex. 5. The form, dated September 30, 2004, is signed by Petitioner and reflects that the 85% Rule applies to Petitioner's sentence. The Court finds that the "Adjustment Review" form provides compelling evidence that Petitioner could have discovered the factual predicate of his ground two claim through the exercise of due diligence when he reviewed his sentence with prison officials and signed the form on September 30, 2004. Thus, under § 2244(d)(1)(D), Petitioner could have discovered the factual predicate of his habeas claim through the exercise of due diligence on September 30, 2004. In order to comply with the one-year limitations period, he had to file his ground two habeas claim on or before September 30, 2005. The petition, filed April 2, 2010, appears to be untimely under 28 U.S.C. § 2244(d)(1)(D).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent

---

[2]September 3, 2005, fell on a Saturday. The following Monday, September 5, 2005, was a legal holiday. Thus, Petitioner's deadline for filing a petition for writ of habeas corpus was Tuesday, September 6, 2005. See Fed. R. Civ. P. 6(a).

4

judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The motion for judicial review was filed on July 28, 2005, or before the limitations deadline, and denied on August 19, 2005. That proceeding was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

Petitioner's application for post-conviction relief was not filed until December 15, 2005, or approximately three (3) months after the September 2005, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Similarly, Petitioner's request for extraordinary relief was filed after expiration of the limitations period and, as a result, did not toll the one-year period. Therefore, this action, commenced on April 2, 2010, appears to be untimely.

Petitioner filed a response (Dkt. # 7) to the motion to dismiss, asserting entitlement to equitable tolling. He complains that, pursuant to advice he received from his attorney, he waited until after the completion of his judicial review proceeding to seek post-conviction relief. After being denied post-conviction relief, he states that he was incorrectly advised "that he had no further

5

options left." See Dkt. # 7. Upon his transfer to a different facility "around the first of the year of 2010," he claims to have begun "diligently researching the appellate procedures and discovered that he had the option of pursuing this matter in federal court." Id.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement concerning his lack of access to legal resources is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. The Court also recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 7. However, Petitioner's conclusory statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller,

141 F.3d at 978. Petitioner did not file his habeas petition until more than three (3) years after the conclusion of his post-conviction proceeding. He simply waited too long. As a result, Petitioner is not entitled to equitable tolling.

The Court concludes that Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 7th day of February, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT